SAMUEL KANENGISER, PLAINTIFF, v. METROPOLITAN
LIFE INSURANCE COMPANY, DEFENDANT.

Decided March 30, 1948.

For the plaintiff, *Milton M. & Adrian M. Unger.*

For the defendant, *McCarter, English & Studer* (by *Nicholas Conover English*).

SMITH, WILLIAM A., S. C. C. This is a suit to recover disability benefits under an accident and health policy. The allegation is that the plaintiff became disabled on January 14th, 1942, but by subsequent amendments the plaintiff's allegation is that he became disabled on or about November 20th, 1941. Defendant now moves specifically to strike each of the replies to the special defenses two to six, inclusive, on

grounds stated in the motion, the first defense being a general denial.

The second defense sets up the period of limitations of the action as provided in the policy. Paragraph two of the second defense sets up the provisions of paragraph fourteen of the policy providing for the limitation which is as follows:

"14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

Paragraph three of the second separate defense of the answer alleges the policy provision with regard to furnishing proof of loss, which is as follows:

"Affirmative proof of loss must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

The defendant then alleges that the period of liability under the policies for disability does not exceed fifty-two weeks, and then alleges:

"This action was not brought within two years from the expiration of the time within which proof of loss is required by the policy."

The reply to this defense admits the allegations of the second defense, but alleges:

"* * * as and for a further reply thereto states that defendant did waive the provisions in said policy with respect to the furnishing of proof of loss and the bringing of suit within the time limited in said policy in the manner hereinafter indicated: the defendant, subsequent to the time within which proof of loss was required to be furnished by said policy, on divers occasions, did demand and require, as provided for in said policy, that plaintiff should furnish further proof of loss by submitting, and accordingly plaintiff did submit, to examinations of his person by physicians employed

by the defendant. The defendant subsequent to the time within which proof of loss was required to be furnished by said policy did demand and require that plaintiff should prepare, or cause to be prepared, and accordingly plaintiff did prepare or cause to be prepared, proofs of loss on forms furnished by defendant, and defendant did receive from plaintiff and retain said proofs of loss. The defendant on or about October 16th, 1942, on or about June 16th, 1943, and on or about September 23d, 1943, did deny liability under said policy on other grounds exclusive of the grounds set forth in defendant's second defense of the answer, as amended, to wit, that plaintiff had mis-stated his age in making application for said policy."

The policy provision with regard to limitation which is set up in the defendant's answer is quoted from the provisions contained in the statute which is the standard provision required by the statute to be a part of each policy; its wording is as is stated in paragraph two of the second defense. *N. J. S. A.* 17:38-3(13).

Applying the policy provision with regard to limitation, to the facts of this case as set forth in the amended complaint, viz., that the plaintiff became disabled on November 20th, 1941, we find that the period within which suit must be brought under the policy provision, expired February 18th, 1945. Suit was actually started June 12th, 1947.

The facts stated in the reply setting up the defense of waiver all go to a waiver of the necessity of furnishing a proof of loss on time as required in the policy or of furnishing one at all.

The charge of limitation of bringing suit does not hinge on the furnishing of proof of loss, but it does hinge on the date of filing the proof of loss as required under the terms of the policy. This is quite an important distinction. The provision of the policy commencing the running of the limitation as to time to sue is not from the time of furnishing proof of loss or its acceptance by the defendant, but the policy provision specifies the requirement of the limitation as within two years from the expiration of the time within which proof of loss is *required by the policy.*

There have been no facts set up in the reply showing a waiver of the provision as to limitation of the time of bringing suit under the policy provision. In fact the grounds of waiver as set out in the reply go to sustaining a waiver subsequent to the date of the expiration under the time limited for bringing suit under the policy. None of the cases submitted by the plaintiff go to the limitation of time to sue under the policy terms, and it cannot be said that a waiver of the provision of furnishing proof of loss after the time to sue has expired under the terms of the policy is a waiver of the time limiting the time to bring suit under the policy. The expiration of the time limited in which to bring suit under the policy may be pleaded or not, as the defendant may decide, and in this case it has been pleaded.

The determination of the court on this motion with reference to the second defense is dispositive of the whole case and it will be unnecessary to pass on the other grounds urged by the defendant for striking out portions of the reply.

Application is made on the notice of motion for final judgment in defendant's favor and under rule 40 the defendant is entitled to such judgment.